JOSEPH DONNELL *v.* JAMES M. SANDFORD.

A person is responsible, under C. C., Art. 2294, for the damages resulting from an assault and battery committed by him.

The future diminished capacity to earn wages, consequent upon injuries resulting from an assault and battery, properly enters into the computation of damages—also ·bodily pain· and suffering occasioned by the battery may properly be considered by the jury in making up their verdict.

APPEAL from the District Court of the parish of Ouachita, *Richardson*, J. *Stubbs* and *Morrison*, for plaintiff. *McGuire & Ray*, for defendant and appellant.

BUCHANAN, J. Defendant has appealed from a verdict of a jury against him for eight hundred dollars, damages for an assault and battery upon plaintiff, after an ineffectual attempt to obtain a new trial in the District Court.

The evidence shows, that in January, 1854, without any provocation whatever, the plaintiff bit defendant several times, very severely, upon the left leg or thigh near the knee; that the wounds being very painful, a surgeon, of eminence in the profession, was called in some days afterwards, who found the plaintiff with his left leg swollen and inflamed, and with a high fever caused thereby. Suppuration commenced in the knee joint, and the heads of the bones became ulcerated, the flesh sloughed off the wounds caused by the bites and the leg became drawn up at nearly right angles and shrivelled. The bones of the leg and thigh became united; and the leg was amputated below the knee, in November, 1854, ten months after the injury.

The evidence leaves no doubt upon our minds that the diseased condition and consequent wasting and deformity of the plaintiff's limb were proximate and necessary results of the remarkably brutal and wanton assault committed by the defendant. The amputation was not, it is true, indispensible to save the plaintiff's life, which is the ordinary nature of such operations; but the professional gentleman who performed this operation, declares that the limb was so incurably distorted, as to be an incumbrance to its owner much more than a wooden leg would be.

The defendant is therefore. responsible, under the 2294th Article of the Civil Code, for the damages resulting from his act.

The elements of damage would seem to be, under the proof in the cause:

1st. Loss of time and labor from the date of. the assault until plaintiff's restoration to health.

2d. Expenses of medical and surgical attendance during his illness.

3d. Diminished capacity to work at his trade, consequent upon the loss of his leg.

I. The plaintiff is proved to have been a carpenter and gin-wright by trade, and a first-rate mechanic, well capable of earning two dollars and a half or three dollars a day. His loss of time while confined to his bed, at the rate of $3 per day, might therefore be reckoned at very nearly, if not quite, the whole amount allowed by the verdict of the jury.

II. The charge for medical and surgical services is proved to be three hundred dollars.

DONNELL
*v.*
SANDFORD.

III. The future diminished capacity to earn wages at his trade, consequent upon the loss of a leg, is estimated by witnesses at one half. In other words, they are of opinion, plaintiff would not be able to obtain, in his present condition, more than half the rate of wages of an able-bodied workman. In the case of *Black* v. *Carrollton Railroad Company*, 10th An. Rep., we allowed prospective damages of this kind. And the present case is stronger than that, inasmuch as it is the maimed individual himself who is plaintiff in this case ; while in the case quoted, the damages were allowed to a father for the mutilation of his son.

It will be perceived that we have made no account of the bodily pain and sufferings of the plaintiff—matters of which an exact pecuniary assessment is impossible, yet which might very properly have entered into the consideration of the jury in making up their verdict. C. C., 1928, paragraph 3.

A reasonable approximate estimate of plaintiff's damages, under the three heads above mentioned, would exceed rather than fall short of the sum awarded by the jury.

The appellee has prayed in his answer for an amendment of the judgment by increasing the damages.

It is, therefore, adjudged and decreed that the judgment of the District Court be amended, and that plaintiff recover of defendant one thousand dollars damages, with costs in both courts.

MERRICK, C. J. I cannot think that one thousand dollars is an adequate compensation to a laboring man for the loss of so important a 'member as a leg. Still, as the jury have assessed the damages at eight hundred dollars, and my colleagues have thought one thousand dollars sufficient, I am unwilling to oppose my single opinion to that of a majority of the court.